**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:15-cv-01992-RPM

CINDY COLE,
PATSY BAYNARD,
MARTA FARRELL,
DIANE GIACOMOZZI,
KIMBERLY KULLEN, and
MICHAEL DONMOYER,

        Plaintiffs,

v.

QUANTA SERVICES, INC. and
QUANTA POWER GENERATION INC. and its related
entities, including QUANTA POWER, INC.,

        Defendants.

---

## DEFENDANTS' EXPEDITED MOTION TO EXTEND THE DISCOVERY DEADLINE TO DEPOSE PLAINTIFF MICHAEL DONMOYER IN HIS CAPACITY AS AN EXPERT

---

Defendants Quanta Services, Inc. ("QSI"), Quanta Power Generation, Inc. ("QPG"), and Quanta Power, Inc. ("QPI") (collectively "Defendants"), by and through their undersigned counsel, hereby request leave from this Court to depose Plaintiff Michael DonMoyer ("Plaintiff" or "DonMoyer") in his capacity as an expert witness, and in support, state as follows:

### I.    INTRODUCTION

1

DEFENDANTS' EXPEDITED MOTION TO EXTEND THE DISCOVERY DEADLINE TO DEPOSE PLAINTIFF MICHAEL DONMOYER IN HIS CAPACITY AS AN EXPERT

Plaintiff and Defendants (collectively the "Parties") timely disclosed their expert witnesses pursuant to the Court's scheduling order. Plaintiff's disclosures identified four experts, including himself.[1]

On March 13, 2017, Defendants filed an unopposed motion to extend the deadline for expert witness depositions until June 16, 2017, and the Court granted the motion the same day.[2] Plaintiff deposed Defendants' expert, James Tsui, on June 6, 2017. Defendants' counsel deposed Plaintiff's economic damages expert, Jeffrey Opp, on Tuesday, June 13, 2017.

## II.   ARGUMENT

### A.   New Information Revealed While Deposing Plaintiff's Economic Damages Expert Necessitates an Opportunity to Depose DonMoyer as an Expert.

In his deposition, Mr. Opp testified that his opinions regarding Plaintiff's economic damages are premised on information that DonMoyer provided to him in private conversations in which DonMoyer expressed an expert opinion regarding the likely performance of his former employer had he remain employed there. Specifically, DonMoyer expressed the opinion that had he not been terminated, QPG and QPI would not currently be defunct and would instead be performing, and would continue to perform, at levels that would have allowed him to earn maximum bonuses for the following 17 years.[3]

For example, Mr. Opp testified as follows:

Q:   And then one of the other major assumptions that is made in your report is that Michael DonMoyer would have continued to have received a 200 percent cash bonus until his retirement in 2029?

A:   Yes, sir.

---

[1] *See* Ex. 1, Pl.'s Affirmative Expert Witness Disclosure 3-5, Feb. 21, 2017; Ex. 2, Pl.'s Rebuttal and Suppl. Expert Witness Disclosure p. 2-3, May 8, 2017.

[2] *See* Unopposed Mot. to Extend Disc. Cut-Off for Deps. of Testifying Experts, Mar. 13, 2017, ECF No. 70; Order Granting Unopposed Mot. to Extend Disc. Cut-Off for Deps. of Testifying Experts, Mar. 13, 2017, ECF No. 71.

[3] *See* Ex. 3, Rough Draft Tr. of Dep. of Jeffrey B. Opp 43:24-50:9, June 13, 2017.

2

DEFENDANTS' EXPEDITED MOTION TO EXTEND THE DISCOVERY DEADLINE TO DEPOSE PLAINTIFF MICHAEL DONMOYER IN HIS CAPACITY AS AN EXPERT

Q: And [a]gain, I assume you believe that was a reasonable assumption made by Mr. DonMoyer?

A: Yes, sir.

Q: And what was the criteria you used when evaluating the reasonableness of that assumption?

A: Just based on what he told me sir, because again, I'm not an expert in that area. And if I were to try to form an opinion regarding the reasonableness of that, I would have to be an expert in that area, which I'm not.[4]

-----------

Q: Let me ask the question differently. How do you account for the bonuses that Mike DonMoyer did earn in your final analysis you've performed?

A: They are accounted for by Mr. DonMoyer saying that -- telling me that he would have continued to have operating results independent of his termination just like – sufficient in order to pay the 200 percent combined bonuses that he had before, plus we have a change in the plan that gives both 200 percent bonuses eligibility and supplemental incentive plan.

Q: Okay. Are they accounted for in any other way?

A: Not that I can think of.[5]

-----------

Q: If Mr. DonMoyer had told you that he expected to earn a bonus significantly less than 200 percent in 2013, would that have changed the opinions offered in your report?

A: Absolutely.

Q: And why is that?

A: Because I'm not an expert in the areas that we just talked about that I'm not an expert in; and thus, I need to rely upon assumptions in order to calculate these amounts. And in this case, we have Mr. DonMoyer who, I would suspect, is one of the best experts in this area. And if he is telling me that no, I don't think I would have earned that, then that's the number I would have used because he is

---

[4] *See* Ex. 3, Opp. Dep. 117:17-118:6.
[5] *See* Ex. 3, Opp. Dep. 59:24-60:12.

3

DEFENDANTS' EXPEDITED MOTION TO EXTEND THE DISCOVERY DEADLINE TO DEPOSE PLAINTIFF MICHAEL DONMOYER IN HIS CAPACITY AS AN EXPERT

the one that should know. Conversely, if he thought he should earn the 200 percent, obviously that's what I've done here.[6]

This specific expert opinion of DonMoyer's had not been previously disclosed. Mr. Opp's reliance on the opinion was also not identified in his report or otherwise disclosed prior to his deposition. Previously, based on Plaintiff's expert disclosures and expert reports, Defendants determined it was not necessary to depose DonMoyer in his capacity as an expert. However, because DonMoyer's expert opinions, disclosed during Mr. Opp's deposition form the foundation for Mr. Opp's opinions, Defendants need the opportunity to depose DonMoyer in his expert capacity. Without this opportunity Defendants will be prejudiced in their ability to challenge the assumptions which form the basis of Plaintiff's model of economic damages.

**B.     Defendants Promptly Notified Opposing Counsel of the Need to Depose Plaintiff, and Seek Leave to Depose Plaintiff as Soon as Practicable.**

Within hours of the conclusion of Mr. Opp's deposition, Defendants' counsel informed Plaintiff's counsel of the need to depose DonMoyer in his capacity as an expert to understand the basis of Mr. Opp's opinions.[7] To date, Plaintiff's counsel has not responded to the request. DonMoyer's schedule permitting, Defendants anticipate taking DonMoyer's deposition within three weeks, by Friday, July 7, 2017. The extension of the deadline to depose DonMoyer in his capacity as an expert will not affect the dispositive motions deadline or other deadlines in this case.

### III.     CONCLUSION

For the foregoing reasons, Defendants respectfully move this Court to grant Defendants' Expedited Motion to Extend the Discovery Deadline to Depose Plaintiff Michael DonMoyer in

---

[6] *See* Ex. 3, Opp. Dep. 18:11-19:2.

[7] Ex. 4, Email from Bob Lian, Defendants' counsel, to Peter Friesen, Plaintiff's counsel.

4

DEFENDANTS' EXPEDITED MOTION TO EXTEND THE DISCOVERY DEADLINE TO DEPOSE PLAINTIFF MICHAEL DONMOYER IN HIS CAPACITY AS AN EXPERT

his Capacity as an Expert and extend the June 16, 2017 deadline until such time as Defendants are able to depose DonMoyer in his capacity as an expert.

Case 1:15-cv-01992-RPM   Document 75   Filed 06/16/17   USDC Colorado   Page 5 of 7

Dated:  June 16, 2017                      Respectfully submitted,

**AKIN GUMP STRAUSS HAUER & FELD LLP**

*/s/ Brian G. Patterson*
Robert G. Lian, Jr.
blian@akingump.com
1333 New Hampshire Ave., NW
Washington, DC 20036
Telephone: (202) 887-4358
Facsimile: (202) 887-4288

Brian G. Patterson
bpatterson@akingump.com
Courtney L. Stahl
cstahl@akingump.com
1111 Louisiana Street, 45th Floor
Houston, Texas 77002
Telephone: (713) 220-5800
Facsimile: (713) 236-0822

*ATTORNEYS FOR DEFENDANT*
*QUANTA SERVICES, INC.*


**BROWNSTEIN HYATT FARBER SCHRECK, LLP**

*/s/ Christine A. Samsel*
Christine A. Samsel, #42114
csamsel@bhfs.com
Hannah M. Caplan
hcaplan@bhfs.com
410 Seventeenth Street
Suite 2200
Denver, CO 80202-4432
Telephone: (303) 223-1100
Facsimile: (303) 223-1111

*ATTORNEYS FOR DEFENDANTS*
*QUANTA POWER GENERATION, INC. AND*
*QUANTA POWER, INC.*

## CERTIFICATE OF SERVICE

      I hereby certify that on this 16th day of June, 2017, a copy of the foregoing document was filed electronically.  Notice of this filing will be sent to the following by operation of the Court's electronic filing system.

Peter G. Friesen
Bradley A. Levin
Elizabeth A. Walker
Levin Sitcoff PC
1512 Larimer Street, Ste. 650
Denver, CO 80202
(303) 575-9390  (Phone)
(303) 575-9385 (Fax)
bal@levinsitcoff.com
pgf@levinsitcoff.com
eaw@levinsitcoff.com

*Attorneys for Plaintiff Michael DonMoyer*

                                                */s/ Brian G. Patterson*
                                                Brian G. Patterson

7

DEFENDANTS' EXPEDITED MOTION TO EXTEND THE DISCOVERY DEADLINE TO DEPOSE PLAINTIFF MICHAEL DONMOYER IN HIS CAPACITY AS AN EXPERT